UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMIE SIMPSON,

                    Plaintiff,

vs.                              Case No.  2:05-cv-334-FtM-29DNF

JO ANNE BARNHART, Commissioner of
Social Security,

                    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #20), filed on September 12, 2006, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Objections (Doc. #21) on September 20, 2006.

### I.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158.  Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn ex rel. Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

Plaintiff objects to the Report and Recommendation's conclusion that the ALJ adequately questioned the vocational expert and resolved the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles, as required by Social Security Ruling (SSR) 00-4p. The vocational expert's testimony at the first hearing was consistent with the DOT, as the ALJ noted. (Tr. 26.) The record reflects that at the second hearing the ALJ elicited whether the vocational expert's testimony was consistent with the DOT. See Tr. 324 ("Is your testimony consistent with the DOT?") The ALJ also elicited an explanation for any inconsistency. See Tr. 324 ("Your Honor, the DOT classifies the security jobs I mentioned at the light exertional level and at the low end of semi-skilled. My indication that jobs exist that are sedentary and

-2-

unskilled is based upon my experience having placed hundreds of workers in those kinds of jobs.") The ALJ also resolved the conflict by expressly noting the inconsistency and, by adopting the testimony of the vocational expert in his Decision (Tr. 26-27), concluding that the explained differences were reasonable. The ALJ complied with his obligations under SSR 00-4p, and therefore the objection is overruled.

Plaintiff also objects to the Report and Recommendation's conclusion that the Commissioner's decision is supported by substantial evidence, and argues that the ALJ failed to include the overwhelming evidence regarding the severity of plaintiff's impairments in the hypothetical questions posed to the vocational expert, specifically regarding the diagnosis of multiple sclerosis and fatigue. Plaintiff further objects to the Report and Recommendation's failure to evaluate the ALJ's assessment of plaintiff's credibility regarding his complaints of fatigue. Plaintiff asserts that the ALJ ignored substantial evidence of his multiple sclerosis and the treatment he received for it, including confirmation by MRI (Tr. 172); physical signs of disorganization of motor function with significant fatigue both mentally and physically (Tr. 171); difficulty avoiding small objects when fatigued (Tr. 157-164); and difficulty reading when fatigued (Tr. 157-164).

The ALJ fully recognized that plaintiff had multiple sclerosis. ("The objective evidence does support a diagnosis of

multiple sclerosis." (Tr. 22)).  The ALJ obtained the testimony of an expert medical advisor at the hearing to discuss this impairment.  The issue was not the existence of the impairment, but its severity.  (Tr. 23.)  The medical advisor reviewed the medical record, and discussed its contents and impact on plaintiff's ability to work, as was noted by the ALJ in his Decision (Tr. 21-25).  The Court's independent review of the ALJ's consideration of plaintiff's complaints of fatigue establishes that the ALJ considered plaintiff's testimony but properly discounted it.  The ALJ based his finding that plaintiff "was not fully credible" (Tr. 28) upon the testimony of the medical advisor at the hearing that fatigue was not substantiated in the medical record even though plaintiff had multiple sclerosis, as well as his own review of the medical record (Tr. 22).  The ALJ basic findings were summarized: "Certainly, the claimant has multiple sclerosis, a progressively deteriorating disease.  It is expected that at some time this disease will progress to a point that the claimant will not be able to work.  The evidence simply does not indicated that this time is now."  (Tr. 23.)  Plaintiff's objections in this regard are overruled.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #16) is **accepted and adopted** by the Court.

2.    The Decision of the Commissioner of Social Security is **affirmed** pursuant to sentence four of 42 U.S.C. § 405(g).

3.    The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of September, 2006.


JOHN E. STEELE
United States District Judge


Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record